DAVID A. HUBBERT
Acting Assistant Attorney General

CHARLES M. Duffy (District of Columbia, 422919)
KHASHAYAR ATTARAN (Florida, 127091)
Trial Attorneys, Tax Division
United States Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
Telephone:  (202) 307-6406 (Duffy)
            (202) 514-6056 (Attaran)
Facsimile:   (202) 307-0054
Charles.M.Duffy@usdoj.gov
Khashayar.Attaran@usdoj.gov
Western.TaxCivil@usdoj.gov

*Counsel for the United States*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO OR OAKLAND DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM T. ROMANOWSKI, a.k.a. BILL ROMANOWSKI, JULIE I. ROMANOWSKI and NUTRITION 53 INC.,<br><br>Defendants. | Case No. 3:23-CV-03003<br><br>**COMPLAINT** |

The United States alleges as follows:

**INTRODUCTION**

1. This is a civil action to [1] reduce to judgment federal tax assessments made against William T. Romanowski and Julie I. Romanowski (hereafter the "Romanowskis") for

COMPLAINT                                       1

1. their 1998, 1999, 2000, 2001, 2002, 2003, 2004 and 2007 tax years; [2] foreclose federal tax liens that have arisen based on the assessments ("the federal tax liens") against certain privately-held corporate stock owned by the Romanowskis and other assets identified below; and [3] enjoin the defendants from further dissipating the assets of its alter ego as described below.

2. This action is brought at the direction of the Attorney General of the United States and at the request and with the authorization of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, under 26 U.S.C. §§ 7401 and 7403.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this action under 26 U.S.C. §§ 7402(a) and 7403 and 28 U.S.C. §§ 1340 and 1345.

4. Under 28 U.S.C. §§ 1391 and 1396, venue is proper in the Northern District of California because the Romanowskis reside in the judicial district and the tax liabilities arose within this judicial district.

## DIVISIONAL ASSIGNMENT

5. This case should be assigned to the San Francisco Division or the Oakland Division in accordance with Civil L.R. 3-2(c) because the tax liabilities accrued in this judicial district and property on which the United States seeks to foreclose is located in this district.

## IDENTIFICATION OF THE DEFENDANTS

6. William T. Romanowski, a.k.a. Bill Romanowski is named as a defendant because he incurred the federal income tax and related liabilities at issue in this case and is liable for the unpaid taxes and related statutory additions assessed against him that are described below.

7. Julie I. Romanowski is named as a defendant because she also incurred the federal income tax and related liabilities at issue in this case and is liable for the unpaid taxes and related statutory additions assessed against her that are described below.

8. The Romanowskis are husband and wife.

9. The Romanowskis are also named as defendants herein because the United States is seeking injunctions against them that are described below.

10. The Romanowskis currently reside in Lafayette, California, which is within this judicial district.

11. The Court has personal jurisdiction over Mr. Romanowski.

12. The Court has personal jurisdiction over Mrs. Romanowski.

13. Nutrition 53 Inc. ("N53") is a California corporation.

14. The address listed for N53 with the California Secretary of State is 497 Edison Court (Suite B) Fairfield, California 94534.

15. Based on information and belief, N53 is also known as Nutrition 53 II.

16. Based on information and belief, N53 is also known as Nutrition II.

17. N53 is named as a defendant in this suit because, *inter alia*, the United States seeks to foreclose its tax liens against N53's assets on the grounds that N53 is the Romanowskis' alter ego. Also, the United States is seeking injunctions against N53 as described below.

## IDENTIFICATION OF THE PROPERTY SUBJECT TO FORECLOSURE

18. N53 is primarily engaged in selling nutritional supplements.

19. Nutritional supplements that N53 sells include Lean 1 brand protein powders, other Lean 1 brand items and protein shakes.

20. Mr. Romanowski owns shares of corporate stock in N53.

21. Mrs. Romanowski also owns shares in N53.

22. The United States seeks to foreclose its federal tax liens on the Romanowskis' shares in N53.

23. The United States also seeks to foreclose its federal tax liens on the assets of N53.

24. "Pro-Equity LLC" is an unincorporated entity owed by Mr. Romanowski that generates income through activities unrelated to N53.

25. The United States also seeks to foreclose its federal tax liens against the assets of "Pro-Equity LLC."

## THE FEDERAL INCOME TAX ASSESSMENTS

26. The income tax assessments made against the Romanowskis that are at issue in this case are based on decisions in two United States Tax Court cases.

27. In *William T & Julie I. Romanowski v. Commissioner*, Case No. 15562-10, the Tax Court determined on February 20, 2013, that the Romanowskis owed the following income tax deficiencies:

| Year | Tax Deficiency |
|---|---|
| 1998 | $1,305,230.00 |
| 1999 | 830,302.00 |
| 2000 | 649,676.00 |
| 2001 | 808,297.00 |
| 2002 | 262,418.00 |
| 2003 | 742,051.00 |
| 2004 | 154,762.00 |

28. In *William T & Julie I. Romanowski v. Commissioner*, Case No. 8102-12, the Tax Court determined on November 6, 2013, that the Romanowskis owed a tax deficiency in the amount of $78,743.00 and a penalty deficiency under 26 U.S.C. § 6662(a) in the amount of $29,398.20 for their 2007 tax year.

29. The Romanowskis did not appeal either of these Tax Court decisions.

30. Based on these Tax Court decisions, a duly authorized delegate of the Secretary of Treasury made timely assessments for federal individual income taxes, statutory penalties, and interest accruing thereto, against the Romanowskis, as follows:

| Tax Period | Tax Type | Assessment Date | Assessed Amount | Outstanding Balance as of March 13, 2023 |
|---|---|---|---|---|
| 1998 | 1040 | 06/28/2013 | $1,305,230.00 | $4,651,175.25 |
| 1999 | 1040 | 06/28/2013 | $830,302.00 | $2,741,551.63 |
| 2000 | 1040 | 06/28/2013 | $649,676.00 | $1,981,201.31 |

COMPLAINT 4

| | | | | |
|---|---|---|---|---|
| 2001 | 1040 | 06/28/2013 | $808,297.00 | $2,690,873.94 |
| 2002 | 1040 | 06/28/2013 | $262,418.00 | $708,109.08 |
| 2003 | 1040 | 06/28/2013 | $742,051.00 | $1,996,175.09 |
| 2004 | 1040 | 06/28/2013 | $154,762.00 | $375,960.66 |
| 2007 | 1040 | 02/10/2014 | $78,743.00 | $185,230.87 |
| | | | Total: | $15,330,277.83 |

31. The IRS gave timely notice to the Romanowskis of the assessments described in paragraph 30 and made demand for payment, under 26 U.S.C. § 6303.

32. Despite timely notice and demand for payment, the Romanowskis have neglected, refused, or failed to fully pay the assessments against them.

33. Since the dates of assessments described in Paragraph 30, statutory additions have accrued and will continue to accrue as provided by law. As of March 13, 2023, the outstanding balance of the assessments, including accrued interest and penalties, is $15,330,277.83.

**FEDERAL TAX LIENS**

34. Pursuant to 26 U.S.C. §§ 6321 and 6322, federal tax liens arose on the dates of assessments described in Paragraph 30 and attached to all property and rights to property of the Romanowskis.

35. The IRS filed Notices of Federal Tax Liens ("NFTLs") relating to the assessments described in Paragraph 30 with the County Recorder for Contra Costa, California, against the Romanowskis:

| Period(s) | Tax Type | Place Recorded | Taxpayer | Recording Date | Recording Number |
|---|---|---|---|---|---|
| 1998 1999 2000 2002 | Income | County Recorder Contra Costa County Martinez, CA | William and Julie Romanowski | 12/12/2019 | 2019-0223271-00 |
| 2000 | Income | County Recorder Contra Costa County Martinez, CA | William and Julie Romanowski | 06/17/2021 | 2021-0176313 |

COMPLAINT 5

| | | | | | |
|---|---|---|---|---|---|
| 2000 | Income | County Recorder Alameda County Oakland, CA | William and Julie Romanowski | 06/16/2021 | 2021218686 |
| 2002 | Income | County Recorder Contra Costa County Martinez, CA | William and Julie Romanowski | 06/17/2021 | 2021-0176315 |
| 2002 | Income | County Recorder Alameda County Oakland, CA | William and Julie Romanowski | 06/16/2021 | 2021218685 |
| 2003 2004 2007 | Income | County Recorder Contra Costa County Martinez, CA | William and Julie Romanowski | 12/12/2019 | 2019-0223272 |
| 2005 2006 2007 | Income | County Recorder Alameda County Oakland, CA | William and Julie Romanowski | 01/04/2016 | 2016000968 |

36. The IRS filed NFTLs relating to the assessments described in Paragraph 30 with the County Recorder for Solano, California, against Nutrition 53 Inc. as the alter ego of the Romanowskis:

| Periods | Tax Type | Place Recorded | Taxpayer | Recording Date | Recording Number |
|---|---|---|---|---|---|
| 1998, 1999 2000, 2002 2003, 2004 2007 | Income | County Recorder Solano County, Fairfield, CA | Nutrition 53 Inc. as the Alter Ego of William Romanowski | 06/22/2022 | 20220043076 |
| 1998, 1999 | Income | County Recorder | Nutrition 53 Inc. as the Alter Ego of | 06/22/2022 | 2022115502 |

COMPLAINT                                                                 6

| Periods | Tax Type | Place Recorded | Taxpayer | Recording Date | Recording Number |
|---|---|---|---|---|---|
| 2000, 2002, 2003, 2004, 2007 | | Alameda County, Oakland, CA | William Romanowski | | |
| 1998, 1999, 2000, 2002, 2003, 2004, 2007 | Income | County Recorder Solano County, Fairfield, CA | Nutrition 53 Inc. as the Alter Ego of Julie Romanowski | 06/22/2022 | 20220043077 |
| 1998, 1999, 2000, 2002, 2003, 2004, 2007 | Income | County Recorder Alameda County, Oakland, CA | Nutrition 53 Inc. as the Alter Ego of Julie Romanowski | 06/22/2022 | 2022115503 |

37. The IRS filed NFTLs relating to the assessments described in Paragraph 30 with the County Recorder for Solano, California, against Nutrition 53 Inc II a/k/a Nutrition 53 Inc. as the alter ego of the Romanowskis:

| Periods | Tax Type | Place Recorded | Taxpayer | Recording Date | Recording Number |
|---|---|---|---|---|---|
| 1998, 1999, 2000, 2002, 2003, 2004, 2007 | Income | County Recorder Solano County, Fairfield, CA | Nutrition53 Inc II a/k/a Nutrition 53 Inc. as the Alter Ego of William Romanowski | 06/22/2022 | 20220043078 |
| 1998, 1999, 2000, 2002, 2003, 2004, 2007 | Income | County Recorder Alameda County, Oakland, CA | Nutrition53 Inc II a/k/a Nutrition 53 Inc. as the Alter Ego of William Romanowski | 06/22/2022 | 2022115504 |
| 1998, 1999 | Income | County Recorder | Nutrition53 Inc II a/k/a | 06/22/2022 | 20220043079 |

COMPLAINT     7

| | | | | | |
|---|---|---|---|---|---|
| 2000, 2002 2003, 2004 2007 | | Solano County, Fairfield, CA | Nutrition 53 Inc. as the Alter Ego of Julie Romanowski | | |
| 1998, 1999 2000, 2002 2003, 2004 2007 | Income | County Recorder Alameda County, Oakland, CA | Nutrition53 Inc II a/k/a Nutrition 53 Inc. as the Alter Ego of Julie Romanowski | 06/22/2022 | 2022115505 |

### ONE OR BOTH OF THE ROMANOWSKIS ARE THE MAJORITY SHAREHOLDER(S) OF N53 AND ALSO CONTROL THAT ENTITY

38. N53 was formed in or about June 2006.

39. N53 is a privately held corporation.

40. N53's status with the California Secretary of State is listed as "active."

41. Mr. Romanowski is the President of N53.

42. Mr. Romanowski is the Secretary of N53.

43. In his brief filed on March 4, 2021 in *JAH Interests V, LLC v. Nutrition 53, Inc. and William Romanowski*, 2:21-cv-00173 (E.D.Cal.) ("JAH case"), Mr. Romanowski stated that he is N53's "founder." ECF #8-1 filed in that case, at 1:8 and 2:3.

44. Mr. Romanowski's brief referenced in the immediately preceding paragraph was filed in support of his motion to dismiss the *JAH* case.

45. Mr. Romanowski stated he was a current director of N53. *Id.*, at 2:3-4.

46. Mr. Romanowski stated he was the "majority" shareholder of N53. *Id.*, at 1:8, 2:3-4, and 2:24.

47. Mr. Romanowski stated he was the "controlling" shareholder of N53. *Id.*, at 2:3-4.

48. Mr. Romanowski stated he was the "public face" of N53. *Id.*, at 1:8.

49. Mr. Romanowski stated "[his] status as a majority shareholder gives him extensive authority to determine the composition of N53's Board of Directors pursuant to N53's bylaws." *Id.*, at 6:21-23.

### THE ROMANOWSKIS' CONTROL OVER N53'S WELLS FARGO BANK ACCOUNTS

50. N53 is the owner of at least two Wells Fargo business bank accounts, ending in *0982 ("WF *0982") and *5084 ("WF *5084").
51. The Romanowskis opened WF *5084 on behalf of N53 on December 8, 2016.
52. Mr. Romanowski and Mrs. Romanowski are the only two authorized signatories listed on the account application for WF *5084.
53. N53 is listed as the "Sole Owner" on the account application for WF *5084.
54. Mrs. Romanowski is listed as "[o]wner/[k]ey [i]ndividual 1" on the account application for WF *5084.
55. Mr. Romanowski is listed as "[o]wner/[k]ey [i]ndividual 2" on the account application for WF *5084.
56. The Romanowskis opened WF *0982 on behalf of N53 on December 13, 2016.
57. Mr. Romanowski and Mrs. Romanowski are the only two authorized signatories listed on the account application for WF *0982.
58. N53 is listed as the "Sole Owner" on the account application for WF *0982.
59. Mrs. Romanowski is listed as "[o]wner/[k]ey [i]ndividual 1" on the account application for WF *0982.
60. Mr. Romanowski is listed as "[o]wner/[k]ey [i]ndividual 2" on the account application for WF *0982.
61. According to the account application for WF *0982 that was executed in 2016, the monthly statements for that account were required to be mailed to 50 Marsh Place, Oakland, California 94611-3229.

62. The Romanowskis resided at 50 Marsh Place, Oakland, California ("the residence") starting some time in 2014 through at least some time in 2019.

63. On N53's 2016 corporate income tax return (IRS Form 1120), however, N53 identified its address as 3595 Mount Diablo Boulevard (Suite 200) Lafayette, California 94549.

### LARGE AMOUNTS OF N53'S CORPORATE FUNDS FROM ITS WELLS FARGO BANK ACCOUNTS HAVE BEEN USED TO PAY THE ROMANOWSKIS' PESONAL LIVING EXPENSES

64. At least since the Tax Court entered its two above-referenced decisions in 2013 ("since the Tax Court decisions were entered"), the Romanowskis have used N53's corporate funds to pay their personal living expenses.

65. Since the Tax Court decisions were entered, the Romanowskis have not owned a house; instead, they have rented houses.

66. Since the Tax Court decisions were entered, the Romanowskis have made at least some of their monthly house rent payments via transfers from N53's corporate funds.

67. In the 2014 rental agreement relating to the residence ("the 2014 rental agreement"), the Romanowskis are referenced as the "[t]enant."

68. N53 was not a party to the 2014 rental agreement.

69. Pursuant to the 2014 rental agreement, the original amount owed by the Romanowskis to rent the residence was $10,000.00 a month.

70. During the 2017 year, the Romanowskis paid at least $109,800.00 from WF *0982 to cover the rent they owed to live in the residence.

71. The Romanowskis did not report receiving any salary or wages from N53 on their 2017 income tax return.

72. The Romanowskis did not report receiving any income from N53 on their 2017 income tax return.

73. The Romanowskis reported zero taxable income on their 2017 income tax return.

74. During the 2018 year, the Romanowskis paid at least $95,000.00 from WF *0982 to cover the rent they owed to live in the residence.
75. On its 2018 federal corporation income tax return (IRS Form 1120), N53 listed its address as "3595 Mt Diablo Blvd 200, Lafayette, CA 94549."
76. During the 2019 year, the Romanowskis paid at least $91,000.00 from WF *0982 and or another N53 account to cover the rent they owed to live in the residence.
77. On its 2019 federal corporation income tax return (IRS Form 1120), N53 listed its address as "497 Edison Ct Ste B, Fairfield, CA 94534."
78. Since the Tax Court decisions were entered, the Romanowskis made many other disbursements from N53's corporate funds to pay for their personal living expenses.
79. Since WF *0982 was opened in 2016, corporate funds of N53 were transferred from that account by one or both of the Romanowskis to pay for the following:
    a. nail salon appointments;
    b. hair appointments;
    c. plastic surgery appointments;
    d. day spa appointments;
    e. pet food;
    f. chiropractor appointments; and
    g. groceries.
80. Since WF *0982 was opened, Mrs. Romanowski obtained tens of thousands of dollars by signing checks made out to "cash" that were drawn on that account.
81. Since WF *0982 was opened, one or both of the Romanowskis have otherwise made cash withdraws from that account.
82. Since WF *0982 was opened, N53's corporate funds have been transferred out of that account by one or both of the Romanowskis to pay for the personal expenses of the Romanowskis' adult children.

83. Since WF *0982 was opened, checks were written on that account and signed by Mrs. Romanowski to pay for rent and utilities of the Romanowskis' adult daughter.
84. The Romanowskis' daughter lived in the Palazzo Apartments during at least parts of 2017, 2018 and 2019.
85. The Palazzo Apartments referred to in the immediately preceding paragraph are located in Fresno, California.
86. Checks were issued on WF *0982 in 2017, 2018 and 2019 to pay the Romanowskis' daughter's rent at the Palazzo Apartments.
87. Since WF *0982 was opened, one or more checks were written on that account and signed by Mrs. Romanowski to pay for the credit card bills of the Romanowskis' daughter.
88. Since WF *0982 was opened, one or more checks were written on that account and signed by Mrs. Romanowski to pay for the rent of the Romanowskis' adult son.
89. Since WF *0982 was opened, one or more checks were written on that account and signed by Mrs. Romanowski to pay for the Romanowskis' son's groceries.
90. Since WF *0982 was opened, one or more checks were written on that account and signed by Mrs. Romanowski to pay for the medical expenses of the Romanowskis' son.
91. Since WF *0982 was opened, one or more checks were written on that account and signed by Mrs. Romanowski to pay for the California Department of Motor Vehicle Fees of the Romanowskis' son.
92. Since WF *0982 was opened, checks were written on that account and signed by Mrs. Romanowski that transferred funds from that account directly to the Romanowskis' adult children.
93. Since WF *5084 was opened, funds were transferred from that account to pay for the Romanowskis' personal living expenses.

94. Since WF *5084 was opened, Mrs. Romanowski obtained tens of thousands of dollars by signing and endorsing checks to "cash" drawn on that account.

95. Since WF *5084 was opened, funds were transferred from that account to pay for personal expenses of the Romanowskis' adult children.

### THE COMMINGLING OF N53'S CORPORATE FUNDS OF N53 WITH ONE OR MORE OTHER BUSINESSES OF THE ROMANOWSKIS

96. Based on information and belief, and at least since the Tax Court decisions were entered, the Romanowskis have commingled the funds of N53 with one or more of their other businesses.

97. For example, the Romanowskis have commingled N53's funds with Mr. Romanowski's unincorporated entity, Pro-Equity, LLC.

98. The name of the payor set forth on at least some of the checks written on WF *5084 is "Pro Equity."

99. A company named Pro Equity, LLC was incorporated in Nevada in 2013.

100. Both of the Romanowskis are listed with the Nevada Secretary of State as "managers" of Pro Equity, LLC.

101. Pro Equity, LLC's status with the Nevada Secretary of State is listed as "permanently revoked."

102. On their 2017 income tax return, the Romanowskis reported that Mr. Romanowski operates an unincorporated business named "Pro-Equity LLC."

### COUNT ONE: REDUCE TO JUDGMENT FEDERAL INCOME TAX ASSESSMENTS MADE AGAINST THE ROMANOWSKIS FOR TAX YEARS 1998, 1999, 2000, 2001, 2002, 2003, 2004 and 2007.

103. The United States incorporates paragraphs 1 through 102 as if fully set forth herein.

104. Because, among other things, the United States Tax Court entered final judgments on the merits concerning the Romanowskis' income tax liabilities for tax years 1998, 1999, 2000, 2001, 2002, 2003, 2004 and 2007, they cannot relitigate the liabilities in this case based on the doctrine of *res judicata*. See e.g., *United States v. Carter*, 906 F.2d 1375, 1378 (9th Cir. 1990).

105. The Romanowskis remain indebted for the balance of the assessments describe in paragraph 30, above, plus accrued interest and statutory additions according to law, less any payments or credits.

## COUNT TWO:
### DETERMINE THAT N53 IS THE ALTER EGO OF THE ROMANOWSKIS.

106. The United States incorporates Paragraphs 1 through 105 as if fully set forth herein.

107. N53 is the Romanowskis' alter ego because it has ceased to have, or never had, a separate existence from the Romanowskis.

108. The Romanowskis have exercised substantial dominion and control over N53's operations.

109. The Romanowskis have exercised substantial dominion and control over N53's corporate funds.

110. At least since the Tax Court's decisions were entered, N53 funds have be transferred by one or both of the Romanowskis to pay their personal living expenses and those of their adult children.

111. At least since the Tax Court's decisions were entered, N53 funds have been transferred directly to the Romanowskis and their adult children.

112. Despite disbursing large amounts of N53's corporate funds in 2017 that they received directly or received personal benefits from, the Romanowskis reported on their 2017 income tax return that they received zero salary or wages from N53.

113. Despite disbursing large amounts of N53's corporate funds in 2017 that they received directly or received personal benefits from, the Romanowskis reported on their 2017 income tax return that they had zero taxable income for that year.

114. By using N53 to pay their personal living expenses and those of their adult children, the Romanowskis have improperly used N53 to thwart the IRS's collection of the individual income tax assessments at issue in this case.

115. Although the income tax assessments owed by the Romanowskis at issue in this case have already been determined, the Romanowskis have refused to pay the assessments and instead have used N53 in a manner to improperly shield their assets and income from the collection of such assessments.

116. If the corporate fiction of N53 is not disregarded, the Romanowskis will continue to use N53's funds to improperly shield their assets and income from the IRS's collection of the assessments at issue in this case.

117. Based on information and belief, N53's assets are also being commingled with the assets of one or more other businesses that the Romanowskis operate or have operated in the past.

## COUNT THREE:
## FORECLOSE FEDERAL TAX LIENS AGAINST PROPERTY.

118. The United States incorporates Paragraphs 1 through 117 as if fully set forth herein.

119. Pursuant to 26 U.S.C. §§ 6321 and 6322, on the dates of the assessments set forth in paragraph 30, above, liens arose in favor of the United States and attached to all property and rights to property of the Romanowskis, including (a) their shares in N53; (b) the assets of N53 (based on the alter ego determination); (c) the assets of the unincorporated entity Pro-Equity LLC; and (d) all of their other property and rights to property, wherever located, as of the date of the assessments described above.

120. In accordance with 26 U.S.C. § 6323(f), NFTLs described above were filed with the Solano County and Contra Costa County Recorders' offices, giving notice of the federal tax liens to parties entitled to such notice.

121. The federal tax liens continue to attach to all of the Romanowskis' property and rights to property.

122. The federal tax liens have such priority over competing interests in the Romanowskis' property as provided by federal law.

123. Pursuant to 26 U.S.C. § 7403(c), the United States is entitled to a decree of sale of the Romanowskis' property to enforce tax liens, including but not limited to their shares in N53 and the other assets described above in this Count, with the sale to be conducted by a receiver under 26 U.S.C. § 7403(d) or any other officer authorized by the Court.

124. Under 28 U.S.C. § 7402, the United States is entitled to such other orders, injunctions, and processes as may be necessary or appropriate for the enforcement of the internal revenue laws against the Romanowskis until their outstanding federal income tax liabilities are paid in full.

## COUNT FOUR:
## ENJOIN CERTAIN ACTIONS OF THE ROMANOWSKIS AND N53.

125. The United States incorporates Paragraphs 1 through 124 as if fully set forth herein.

126. 26 U.S.C. § 7402(a) specifically authorizes district courts to issue injunctions "as may be necessary and appropriate for the enforcement of the internal revenue laws."

127. To prevent the Romanowskis from further using N53 to thwart the IRS's collection of the individual income tax assessments at issue in this case, the Court should issue specific injunctions against the Romanowskis and N53.

1  128.   The Court should enjoin N53 from paying the Romanowskis' personal expenses and those of their children and transferring corporate funds directly to themselves and their children.

129.   The Court should enjoin the Romanowskis from using N53 to pay their personal expenses and those of their children and transferring N53's corporate funds directly to them and their children.

130.   The Court should enjoin the Romanowskis and N53 from transferring any of N53's assets (including inventories) and or business operations to another corporation, unincorporated entity or person.

**REQUEST FOR RELIEF**

WHEREFORE, The United States requests the following relief:

A.   On Count One, that the Court enter a judgment in favor of the United States and against William T. Romanowski and Julie I. Romanowski in the amount of $15,330,277.83 based on the assessments referenced in paragraph 30, above, plus statutory interest accruing after March 13, 2023 and any other additions as provided by law, less any payments and credits;

B.   On Count Two, that the Court determine that N53 is the alter ego of the Romanowskis;

C.   On Count Three, that the Court:

(i)   determine that the United States has valid and subsisting federal tax liens against all property and rights to property of the Romanowskis, of whatever kind and wherever located, including (but not limited to) their shares in N53, the assets of N53, and the assets of their unincorporated business Pro-Equity LLC;

(ii)   determine the priority of the federal tax liens on the referenced property; and

(iii)   order that the federal tax liens on all property of the Romanowskis

1  be foreclosed, and that the properties be sold pursuant to 26 U.S.C.
2  § 7403(c) and 28 U.S.C. § 2001 et seq. by a receiver appointed under
3  26 U.S.C. § 7403(d) or any other officer authorized by the Court, and
4  that the proceeds thereof be distributed in accordance with the
5  priorities provided by law; and

    D. On Count Four, that the Court should:

        (i) enjoin N53 from paying the Romanowskis' personal expenses and those of their children and transferring N53's corporate funds directly to them and their children;

        (ii) enjoin the Romanowskis from using N53 to pay their personal expenses and those of their children and transferring N53's corporate funds directly to them and their children; and

        (iii) enjoin the Romanowskis and N53 from transferring any of N53's assets (including N53's inventories) and or business operations to another corporation, unincorporated entity or person.

    E. That the United States be granted such other and further relief as is just and proper, including such writs or orders under 28 U.S.C. § 7402(a) and § 7403(d) as may be necessary or proper to collect the Romanowskis' unpaid tax liabilities from their property and rights to property.

DATED: June 20, 2023.

        DAVID A. HUBBERT
        Acting Assistant Attorney General

        */s/ Charles M. Duffy*
        CHARLES M. DUFFY
        KHASHAYAR ATTARAN
        Trial Attorneys, Tax Division
        United States Department of Justice

        *Counsel for the United States*